UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY SANDOVAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COLLECTO, INC.<br><br>　　　　　Defendant. | No. 2:14-cv-00893-TLN-CKD<br><br><br>**ORDER DISMISSING CASE** |

  This case was removed to this Court on April 10, 2014.  (ECF No. 1.)  This Court issued the Scheduling Order in this case (ECF No. 7) over twelve months ago, on September 8, 2014. The parties were ordered to meet and confer and file a pretrial statement.  On September 30, 2015, Defendant filed its pretrial statement, within which it asserted that Plaintiff had been unresponsive to correspondence from both Defendant and Plaintiff's previous attorney who had withdrawn because communication has broken down to the point that counsel cannot continue representing Plaintiff.  (ECF No. 16.)  Plaintiff did not file her pretrial statement or respond to Defendant's statement.

  On October 2, 2015, this Court issued an Order to Show Cause as to why this matter should not be dismissed for failure to prosecute.  (ECF No. 17.)  Plaintiff did not respond.  In light of Plaintiff's failure to prosecute, the Court vacated the final pretrial date.  (ECF No. 19.) On October 22, 2015, the Court issued a second order to show cause in which it sanctioned

Plaintiff $150 for failure to adhere to this Court's orders. (ECF No. 320.) In its order, the Court warned Plaintiff that failure to comply would likely result in dismissal of this case. The time for compliance has come and gone and, again, Plaintiff failed to comply or respond.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). The Ninth Circuit has set forth four factors that a district court must consider before dismissing a case for failure to prosecute:

> [1] the court's need to manage its docket, [2] the public interest in expeditious resolution of litigation, [3] the risk of prejudice to defendants from delay, [4] the policy favoring disposition of cases on their merits.

*Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991). For the reasons set forth below, the Court finds that these factors weigh in favor of dismissing this case.

First, the Court has an inherent need to manage its docket. This matter was brought to this Court in April 2014, and Plaintiff has not moved forward with her case. Second, the public's interest in expeditious resolution of litigation also favors dismissing this case because the Court is wasting its time and resources attempting to compel Plaintiff's cooperation in litigating her own case. Third, Plaintiff's failure to participate in the litigation of her case prevents Defendant from seeking some sort of resolution. Finally, although the disposition of cases based on their merits in preferred, it is unlikely that such is an option here. The Court simply cannot move forward without Plaintiff's assistance.

Thus, for the aforementioned reasons, the Court finds that all four factors support dismissing Plaintiff's case. As such, the Court hereby DISMISSES all pending claims against Defendant in this action with prejudice. This case is CLOSED.

IT IS SO ORDERED.

Dated: November 13, 2015

Troy L. Nunley
United States District Judge